## VAN NATTA v. VAN NATTA.

[No. 23,240. Filed February 13, 1919.]

1. DIVORCE. — *Alimony.* — *Amount.* — *Discretion.* — Where there was evidence from which the court might have found that the defendant husband's property interests were worth from $89,000 to $115,000, it was not an abuse of the court's discretion to award the plaintiff wife $25,000 alimony, $25 per month for the care and custody of their only child, three years old, and $1,800 as attorney's fees, although there was evidence tending to show the husband's property interests to be much less than either of the amounts stated. p. 77.

2. DIVORCE.—*Alimony.*—*Amount.*—*Discretion of Court.*—Under the evidence it was for the trial court to determine the amount and value of the defendant husband's property and, as bearing on his ability to pay alimony, the court had the right to consider the fair value of the property and to consider the defendant's age, his state of health and his earning capacity. p. 77.

3. DIVORCE.—*Alimony.*—*Amount.*—*Determination.*—*Discretion.*— In determining the proper amount of alimony, it was proper for the court to consider the financial situation of the plaintiff wife and the conditions surrounding her as disclosed by the evidence. p. 78.

4. DIVORCE.—*Alimony.*—*Discretion of Court.*—It is within the broad discretionary power of the court to determine the amount of alimony, and the court on appeal will not reverse the judgment awarding alimony unless it appears that the trial court abused its discretion. p. 78.

5. APPEAL. — *Harmless Error.* — *Right Result.*—Where a judgment was clearly right under the evidence, a question as to the

exclusion of evidence, though the ruling thereon by the trial court were erroneous, will not be considered on appeal.   p. 78.

From Clinton Circuit Court; *Joseph Combs*, Judge.

Action for divorce by Helen S. Van Natta against Samuel G. Van Natta.   From a judgment for the plaintiff, the defendant appeals.   *Affirmed.*

*Kumler & Gaylord*, for appellant.

*Sheridan & Gruber* and *George P. Haywood*, for appellee.

LAIRY, J.—This was an action brought by the appellee, Helen S. Van Natta, in the Tippecanoe Circuit Court, against the appellant, Samuel G. Van Natta, seeking a divorce, alimony, custody of their only child, and compensation for her attorneys.   The cause was taken to the Clinton Circuit Court on change of venue and there tried by the court.   The trial court found for appellee upon the issues made, and rendered judgment dissolving the bonds of matrimony between appellant and appellee, granting the appellee a divorce from appellant, giving the care and custody of their child to appellee, and awarding appellee alimony in the sum of $25,000, compensation for her attorneys in the sum of $1,800, and ordered that appellant pay to the clerk of the Tippecanoe Circuit Court on the first day of each month thereafter, for the use of appellee for the care and custody of their child, the sum of $25.

The court overruled appellant's motion for a new trial, and this ruling of the court is the only error assigned here.   Appellant in his brief here discusses only two causes for a new trial.   The righteousness of that part of the decree which grants an absolute divorce to appellee and awards to her the custody of the infant child is not questioned on appeal.

Appellant seeks to reverse the judgment on the ground that the amount of money that he is required to

Van Natta *v.* Van Natta—188 Ind. 75.

pay under the judgment as alimony and for the support of his child is too large, and on the further ground that the court excluded evidence offered by him which, if admitted and given credit, would have diminished the distributive share of appellant in the estate of his deceased father to the extent of $3,920.73.

At the time of the trial the estate of appellant's father was in course of settlement. The distributees of the estate consisted of a widow and six children. As one of the children appellant was entitled to receive on final distribution one-ninth of the estate after the costs of administration and all debts of the estate had been paid. The evidence is conflicting as to the value of the assets of the estate and also as to the amount of the indebtedness of the estate. There was also evidence as to the value of a ranch in Texas and of the cattle and other property located thereon. There was also a question presented by the evidence as to whether the property in Texas was a part of the assets of the estate or whether it was owned by appellant and one of his brothers as equal partners. From all the evidence it was for the trial court to determine the amount and value of appellant's property. There was some evidence from which the court might have found that his property interests were worth from $89,000 to $115,000, while the computations made by appellant's counsel based on the evidence on which they rely would show such interests to be worth much less than either of the amounts stated; but the lowest estimate made on behalf of appellant fixes such value at about $27,888.47. The trial court had a right to consider the fair value of the property of appellant as bearing on his ability to pay alimony and, as bearing on the same question, the court had a right to consider the age of appellant, his state of health and his ability to earn money. *Hedrick* v. *Hedrick* (1891), 128 Ind. 522, 26

N. E. 768; *Yost* v. *Yost* (1895), 141 Ind. 584, 41 N. E. 11.

In determining the proper award of alimony under the discretion vested in the trial court, it was proper for that court to consider the financial situation of 3. the wife, and the conditions which surround her, so far as disclosed by the evidence. In this case the sole responsibility of the nurture, care, con- 4. trol, training and education of their child, three years of age at the time of trial, was left to appellee by appellant, who, through his infatuation for another woman, had been led to renounce and repudiate every legal and moral obligation which he owed to his wife and child. The question of the amount of the alimony is one to be determined by the trial court from the evidence and the circumstances of each particular case. It is within the broad discretionary power of the trial court to determine the amount of alimony, and this court will not reverse a judgment of the trial court unless it appears that the trial court has abused this discretion.

The court does not consider the question presented with reference to the alleged erroneous exclusion of evidence. As before stated, the only effect of the 5. offered testimony, if admitted and given credit, would have been to show that appellant's interest in his father's estate was not so valuable as it would otherwise appear. In view of the other evidence in the record, the court would not be inclined to reverse the judgment even though satisfied that the ruling of the trial court on this question was erroneous. Where a judgment is clearly right under the evidence, intervening errors will be disregarded. *Watts* v. *Watts* (1911), 176 Ind. 334, 95 N. E. 1107; *Indianapolis St. R. Co.* v. *Schomberg* (1904), 164 Ind. 111, 72 N. E. 1041. The

record here presented requires the application of the rule just stated.

Judgment affirmed.

NOTE.—Reported in 121 N. E. 825. Nature of decree of alimony, 102 Am. St. 702. See under (1, 2) 14 Cyc 749; (3) 14 Cyc 753.