# GRIFFITH *v.* STATE OF INDIANA.

[No. 29,703. Filed March 30, 1959.]

*Taylor & Allen* and *Harry S. Taylor,* of South Bend, for appellant.

*Edwin K. Steers,* Attorney General and *Owen S. Boling,* Assistant Attorney General, for appellee.

ACHOR, J.—Appellant was indicted and tried on five counts, including burglary and armed robbery. He was found guilty of the included offense of grand larceny. Appellant does not question the sufficiency of the evidence to sustain the verdict, but relies solely upon asserted error in the admission of evidence.

During the rebuttal examination the court permitted the state, over the objection of the appellant, to question a witness regarding appellant's use of a gun during the incident. The state had previously introduced evidence by other witnesses regarding this fact during its case in chief.

Orderly procedure requires that a party not divide his evidence in chief and give part in chief and part in rebuttal and if he goes into a subject originally he should present all of his evidence upon that point, and, if he does not do so, he cannot complain that he is not permitted to present such evidence out of order, except on showing a clear abuse of discretion by the court. *Hilker* v. *Hilker* (1899), 153 Ind. 425, 55 N. E. 81; *Fitzpatrick* v. *Papa* (1883), 89 Ind. 17. The order of procedure is prescribed by statute [§9-1805, Burns' 1956 Repl.] [Acts 1909, ch. 96, §1, p. 257; 1927, ch. 132, §14, p. 411]. However in applying the rule as codified in the statute, we must recognize the fact that the trial judge is originally and inherently responsible for the orderly progress of the trial. Therefore, statutes which circumscribe the order of the procedure to be followed in the trial of cases must be liberally construed in favor of the trial judge who has

permitted a witness to testify out of the prescribed order.

Therefore, even though the court permits a witness to testify during rebuttal regarding a matter which, in fact, is not in rebuttal but is a matter related to the state's case in chief, the irregularity will not be treated as reversible error unless under the circumstances the appellant was prevented from presenting rebuttal evidence thereto. See, 8 I. L. E., Criminal Law, §353, pp. 412, 413; Ewbanks Ind. Crim. Law, Symmes Ed., §339, p. 203; Ewbanks Ind. Crim. Law, 2d Ed., §561, p. 377. Also, see *Zimmerman* v. *State* (1921), 190 Ind. 537, 544, 130 N. E. 235; *Hansen* v. *State* (1952), 230 Ind. 635, 643, 106 N. E. 2d 226. There is no showing in this case that this action of the court in any way prevented appellant from fully presenting his defense.

Furthermore, the error, if any, was harmless under the circumstances as shown by the record in this case. Here the appellant was charged by Count 2 of the affidavit with the crime of robbery while armed. The jury found him guilty only of the included offense of grand larceny. Therefore, whether or not the accused was armed at the time was not material and the error, if any, was harmless. *Kraft* v. *State* (1930), 202 Ind. 44, 51, 171 N. E. 1; *Van Natta* v. *Van Natta* (1919), 188 Ind. 75, 78, 121 N. E. 825.

Judgment is therefore affirmed.

Landis, C. J., Arterburn, Bobbitt and Jackson, JJ., concur.

NOTE.—Reported in 157 N. E. 2d 191.