DAVID ARNOLD HOLLOWELL *v.* STATE OF INDIANA.

[No. 170S11. Filed May 26, 1971. Rehearing denied August 3, 1971.]

*Donald D. Chiappetta,* of Muncie, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Frank Hanley,* Deputy Attorney General, for appellee.

DeBruler, J.—This is an appeal from a conviction in the Delaware Circuit Court. Trial was had by jury and the appellant was convicted of First Degree Murder, felony murder, pursuant to I.C. 1971, 35-13-4-1, being Burns § 10-3401, which states:

> "Whoever purposely and with premeditated malice, or in the perpetration of or attempt to perpetrate a rape, arson, robbery, or burglary, kills any human being, is guilty of murder in the first degree, and on conviction shall suffer death or be imprisoned in the state prison during life."

Appellant's first alleged error is that the verdict is not sustained by sufficient evidence in that the State totally failed to prove that the appellant, Hollowell, was over the age of sixteen years at the time of the alleged robbery which resulted in the death of the decedent.

It is prudent here to set forth the indictment by which the appellant was charged:

> *"Indictment for Murder in the First Degree*
> [Clause One] The Grand Jury of the County of Delaware for the April Term, 1967, being duly sworn, empaneled, and charged in the name and upon the authority of the State of Indiana, upon their oath charge and present that David Arnold Hollowell and Louis Lee Gilliard, on or about the 1st day of July, 1967, at and in the County of Delaware, in the State of Indiana, did then and there unlawfully and feloniously kill and murder one, John H. Hammer, who was then and there a human being, in an attempt to perpetrate a rob-

bery, by then and there unlawfully, feloniously, and forcibly, and by violence and putting the said John H. Hammer in fear, attempting to take and steal from the person and possession of the said John H. Hammer, certain property, to-wit: a paper sack containing two bottles of liquor, then in the possession of the said John H. Hammer and belonging to one M. W. Dalby, the value of which property is to this Grand Jury unknown; [Clause Two] and the said David Arnold Hollowell and Louis Lee Gilliard, while being engaged in said attempt to perpetrate said robbery, did then and there unlawfully, and feloniously shoot at and against the said John H. Hammer with certain deadly weapon, to-wit: a pistol, then and there loaded with gunpowder and bullets and thereby inflicted a mortal wound upon the said John H. Hammer, from which mortal wound the said John H. Hammer then and there languished in said County and State, and thereafter died on the said 1st day of July, 1967. And so, the Grand Jurors aforesaid, upon their oath aforesaid, do say and charge that the said David Arnold Hollowell and Louis Lee Gilliard, in the manner and form aforesaid, unlawfully and feloniously, did kill and murder the said John H. Hammer, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana." [Bracketed words ours.]

It is self evident in reading the indictment that the appellant was charged with felony murder, to-wit: a felonious killing in the attempted perpetration of a robbery. The crime of robbery is found in I.C. 1971, 35-13-5-6, being Burns § 10-4101:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten years nor more than twenty-five years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life."

The age of the accused is not an element to be proven under the aforementioned felony murder statute, nor is it an element

here of the foundation crime of robbery. Therefore, the verdict cannot be deficient in this respect and the trial court did not err in pronouncing judgment on the verdict.

In support of this alleged error appellant contends that the indictment must be read in light of I.C. 1971, 35-12-1-1, being Burns § 10-4709; commission of or attempt to commit crime while armed with a deadly weapon, (armed robbery in this case). An essential element to be pleaded and proved under this statute is that the accused is over the age of sixteen years. Thus, it is the appellant's contention that the foundation crime upon which this felony murder is based is that of armed robbery in violation of Burns § 10-4709, *supra,* and the evidence is insufficient in that the State failed to prove an essential element of the crime; that the appellant was over the age of sixteen years.

While we would be inclined to agree with the appellant that one who is incapable of committing the foundation crime cannot be convicted of a felony murder, such is not the case here. The foundation crime here is robbery (Burns § 10-4101, *supra*) and not commission of a crime while armed (Burns § 10-4709, *supra*) as a careful reading of the indictment will disclose.

Clause One of the indictment sets forth the charge against the appellant, to-wit: a feloniously killing while attempting a robbery. The foundation crime here is obviously robbery pursuant to Burns § 10-4101, *supra.* No mention is made in Clause One that the robbery was attempted while the appellant was armed with a deadly weapon and over sixteen years of age as would be required for armed robbery, Burns § 10-4709, *supra.* We must assume then that the appellant's argument is based upon Clause Two. However, Clause Two does not set forth the foundation crime, but rather describes the manner of the killing. This is in accord with I.C. 1971, 35-1-23-4, being Burns § 9-1104, which reads in part:

"The indictment or affidavit must contain:

\* \* \*

Second. A statement of the facts constituting the offense in plain and concise language without necessary repetition."

The indictment here meets the standards set forth in the statute. Since neither the crime of felony murder nor the underlying crime of robbery required proof of the appellant's age there is no error in the verdict.

The appellant here did not challenge the sufficiency of this indictment, as would be appropriate to the theory that the foundation crime was armed robbery. It is also important to note here that the appellant does not contend that he was in fact under the age of sixteen and that the court lacked jurisdiction in this case. If such were the case the verdict would be subject to collateral attack. *Cummings* v. *State* (1969), 252 Ind. 701, 251 N. E. 2d 663.

Appellant's argument fails for a second reason. Appellant contends that aside from the court pronouncement of judgment on the verdict that the record is void of any reference to appellant's age. However, we find in the record the testimony of Marshall Danley, Sr., an eyewitness to the crime. During the testimony of this witness, he identified the appellant and in response to a question of whether he had ever seen the appellant before he stated:

"He's been in the store; he was over twenty-one and he was in the store several times buying candy and cigarettes, I don't know whether or don't remember him ever buying any whiskey or anything, he's been in the store several times."

Such unrebutted evidence would be sufficient to sustain a finding appellant was over the age of sixteen years, if such finding were necessary.

Appellant next alleges that the court erred in permitting the State to introduce evidence on rebuttal that properly belonged in the State's case-in-chief and the court abused its dis-

cretion in admitting this evidence over the objection of the appellant.

During the State's case-in-chief evidence was introduced which showed that the victim had been killed in an attempted robbery at approximately 2:00 A.M. on July 1, 1967. Eyewitness testimony was adduced that the appellant was one of the two assailants and was the one who fired the shots. Testimony of a ballistics expert showed that the fatal shots were fired from a pistol later recovered at the home of the appellant. This home was about five blocks from the scene of the shooting.

The defense testimony and evidence consisted primarily of alibi witnesses. After the appellant rested, the case was re-opened at his request to present an additional defense witness. This witness testified that he was parked at the scene of the crime, saw two men tussle with another, heard two shots and saw the two men run away. He stated that he knew the appellant and that neither of the men who ran from the scene was the appellant since both were smaller than the appellant.

The State on rebuttal put on a witness, Dorothy Streaty, a sixteen year old girl, who testified that she had stayed at the appellant's home the night of the alleged crime. She further testified that the appellant had a pistol in his possession, that he had asked Gilliard what time it was and that Gilliard replied "quarter to two" and that thereafter the appellant left and returned after the "late show" was over. Television station manager David Smith testified that the "late show" ended at 2:07 A.M. and that it was the only channel on the air at that time.

We have examined the evidence in question and would agree that it more properly belonged in the State's case-in-chief. However, we find no error in its admission.

The order of procedure is prescribed by statute. (I.C. 1971, 35-1-35-1, being Burns § 9-1805). While orderly procedure re-

quires that a party not divide his evidence and give part in chief and part in rebuttal, this Court has recognized that the trial court is inherently responsible for the conduct and progress of the trial, and as such upon review we must liberally construe the statutes prescribing the order of trial in favor of the trial judge who has permitted a witness to testify out of the prescribed order. *Griffith* v. *State* (1959), 239 Ind. 321, 157 N. E. 2d 191.

In the *Griffith* case, we said:

"Therefore, even though the court permits a witness to testify during rebuttal regarding a matter which, in fact, is not in rebuttal but is a matter related to the state's case in chief, the irregularity will not be treated as reversible error unless under the circumstances the appellant was prevented from presenting rebuttal evidence thereto." 239 Ind. at 323.

This quote applied equally well in the case at bar. There is no showing by the appellant that he was prevented from fully presenting his defense. The trial court did not abuse its discretion in permitting the witness to testify.

Affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 755.