HENRY K. SHELBY *v.* STATE OF INDIANA.

[No. 271S34.   Filed May 4, 1972.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

DeBruler, J.—The appellant was charged with robbing a liquor store at gunpoint and taking approximately $150.00. He was tried by a jury in the Vanderburgh Superior Court and found guilty of the lesser included offense of theft. At the trial the State introduced three eye-witnesses to the crime, all of whom positively identified the appellant. The appellant, having properly filed an alibi notice, produced evidence from several witnesses that he had been at his home on the night in question at the time of the robbery. In rebuttal, the State introduced testimony of an alleged accomplice who testified that he and the appellant had planned the robbery and that he had waited outside the liquor store in his car while the appellant entered and held up the store at gunpoint. The appellant's arguments for a new trial are centered around three objections which are discussed below.

The appellant's first allegation of error concerns the State's use of the alleged accomplice who testified for the first time on rebuttal and was allowed to describe the events surrounding the crime. The appellant argues that such testimony went beyond the scope of appellant's alibi witnesses, and was cumulative and repetitious of the evidence presented in the case-in-chief, and, therefore, should have been excluded. We do not agree. The testimony of the accomplice as to the details of the crime would be more usually and properly admitted in the State's case-in-chief. However, the decision to allow such testimony on rebuttal lies, in the first instance, with the trial court. *Hollowell* v. *State* (1971), 256 Ind. 467, 269 N. E. 2d 755; *State* v. *Armory* (1970), 1 Or. A. 496, 464 P. 2d 714; *People* v. *Daugherty* (1969), 43 Ill. 2d 251, 253 N. E. 2d 389; *State* v. *Balles* (1966), 47 N. J. 331, 221 A. 2d 1. The order of procedure in a criminal case is prescribed by I.C. 1971, 35-1-35-1, being Burns § 9-1805, the relevant portion of which reads as follows:

"Third. The parties may then respectively offer rebutting evidence only, unless the court, for good reason, in furtherance of justice, permit them to offer evidence upon their original case."

As we said in *Hollowell* v. *State, supra:*

"The order of procedure is prescribed by statute. (I.C. 1971, 35-1-35-1, being Burns § 9-1805) While orderly procedure provides that a party not divide his evidence and give part in chief and part in rebuttal, this Court has recognized that the trial court is inherently responsible for the conduct and progress of the trial, and as such upon review we must liberally construe the statutes prescribing the order of trial in favor of the trial judge who has permitted a witness to testify out of the prescribed order. *Griffith* v. *State* (1959), 239 Ind. 321, 157 N. E. 2d 191." 269 N. E. 2d at 758.

In *Griffith* v. *State* (1959), 239 Ind. 321, 157 N. E. 2d 191, we said:

"Therefore, even though the court permits a witness to testify during rebuttal regarding a matter which, in fact, is not in rebuttal but is a matter related to the state's case in chief, the irregularity will not be treated as reversible error unless under the circumstances the appellant was prevented from presenting rebuttal evidence thereto." 239 Ind. at 323.

In this case, the appellant was allowed to rebut the testimony of the accomplice, and we find no reversible error in these circumstances.

Secondly, the appellant argues that the trial court committed error in refusing to allow the defendant to inquire into the juvenile record of the accomplice for the purpose of impeachment. The appellant admits that this Court has held pursuant to I.C. 1971, 31-5-7-15, being Burns § 9-3215, that an adjudication of delinquency cannot be used for impeachment purposes. *Noel* v. *State* (1966), 247 Ind. 426, 215 N. E. 2d 539; *Woodley* v. *State* (1949), 227 Ind. 407, 86 N. E. 2d 529. The appellant argues that an exception to this rule should be made where the impeachment sought is of an

accomplice witness. The rationale offered for such an exception is that the testimony of an accomplice is highly suspect and should be scrutinized and cautiously received, and thus impeachment by a prior juvenile record should be allowed in this narrow class of cases. We are unconvinced that there is any reasonable basis to make such an exception to the general rule. As we said in *Noel* v. *State, supra,* "The purpose of the statute is to protect juveniles against such proceedings brought for their benefit. . . .", and this purpose clearly has nothing to do with the reliability of a witness. Further, there is simply no relation between the basis for our cautious acceptance of an accomplice's testimony and his prior involvement with the juvenile court.

Lastly, the appellant urges that the trial court erred in allowing the prosecution to refer to specific instructions on closing argument that the court would give to the jury. There does exist support for his position in dictum in *Stephenson* v. *State* (1886), 110 Ind. 358, 11 N. E. 360. However, insofar as the dictum in *Stephenson, supra,* can be read to prohibit the reference during argument to instructions which will be given by the trial court, it is overruled.

The right to argue forcefully for a certain result is given to both sides in a criminal case by statute. Burns § 9-1805, *supra.* This right includes the right to refer to the instructions which will be given and to discuss the evidence in relation to such instructions. We can perceive nothing unfair or prejudicial about such an argument. Of course, criticism or improper comment on the form or substance of the instruction to be given cannot be condoned, as was pointed out in *Humbarger* v. *Carey* (1896), 145 Ind. 324, 42 N. E. 749, relied on by the appellant. We find no such improper comment in this case.

Verdict of the jury affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 885.