**Dennis E. GUNTER, Appellant–Defendant**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 46A03–9203–CR–079.

Court of Appeals of Indiana, Third District.

Jan. 20, 1993.

Transfer Denied March 5, 1993.

Don E. Harner, Michigan City, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

Gunter was tried by jury and was convicted of burglary and was determined to be an habitual offender. He was sentenced to eight years and the sentence was enhanced by thirty years for being an habitual offender.

In essence he assigns four errors on appeal. The central feature, however, concerns the fact that the regular judge tried the burglary phase, took the verdict and imposed sentence, while a special judge tried the habitual phase, took the verdict and imposed the sentence enhancement. Gunter contends it was error for different judges to try the different phases and for different judges to participate in sentencing.

■ We agree that our criminal law contemplates that the same judge will preside throughout a criminal trial and that it was error for the regular judge to disqualify himself for only the second phase of the trial. *See, e.g., Eagan v. State* (1985) Ind., 480 N.E.2d 946. The issue is whether the error was sufficiently prejudicial to require a reversal in this case. We conclude that it was not.

■ Prior to trial Gunter moved for a change of judge asserting that he could not have a fair trial because the regular judge had formerly been the prosecuting attorney and (1) the present prosecuting attorney

who was going to conduct the prosecution had been his deputy, and (2) the judge had been prosecutor when Gunter was convicted of the two felonies which the state was asserting to establish his habitual offender status. Thus while Gunter objected to having two different judges for the proceeding, it was nevertheless he that initiated consideration of the matter. While the second ground asserted by his motion does not constitute cause for disqualification, *(Rankin v. State* (1990) Ind., 563 N.E.2d 533) we believe it likely that the regular judge acted as he did in an effort to accommodate what he perceived as the appearance of propriety to Gunter.

 Secondly, the rule is not absolute. Substitute judges have been allowed where the tasks performed by them are simply ministerial, *(Eagan supra* ) or where the parties consent or the appealing party fails to object. *Bailey v. State* (1980) Ind.App., 397 N.E.2d 1024. The purpose of the rule is to insure to both parties the fairness and evenhandedness that arises from having the same person preside over the various facets of a trial. In that context we must necessarily note the essentially discrete segments of an habitual offender proceeding. The principal offense and the habitual offender allegation are separately charged and separately tried. Our supreme court has even determined that the phases are so distinct as to permit a different jury to try the habitual phase. *Funk v. State* (1982) Ind., 427 N.E.2d 1081. The consequence is that the impact of the error in permitting a different judge to preside over the habitual phase is minimized. That appears to be especially true since the judge who presided over the trial of each phase imposed the sentence (or enhancement) for that phase.

Finally, Gunter's argument relies exclusively on the technical nature of the error. No suggestion is contained in the briefs of any actual prejudice suffered by Gunter because of the special judge presiding over the habitual offender phase.

We therefore conclude that in Gunter's case the error was harmless.

 Gunter next contends that the state failed to establish a sufficient chain of custody to permit a pair of garden shears to be introduced into evidence. Any error in admitting the exhibit was harmless since the police testified without objection that Gunter threw something into the back of his truck when he left the scene, a pair of shears was found in the back of the truck when Gunter was arrested, and the points on the blades matched marks on the frame of the window of the building that had been pried open. The pair of shears was merely cumulative evidence.

Gunter contends the jury was improperly instructed during the habitual phase because the prosecuting attorney tendered an additional instruction which the court gave to the jury. He does not contend the contents of the instruction were erroneous or prejudicial. Indeed, he does not even mention what the instruction concerned, although we learn from the transcript that it advised the jury concerning Gunter's alleged prior felonies that he must have been convicted and sentenced for one felony before he committed the second felony.

 Gunter relies on *Crowdus v. State* (1982) Ind., 431 N.E.2d 796 for the proposition that instructions the parties wish given to the jury must be reduced to writing and tendered to the court before the commencement of final argument. *Crowdus* teaches that once the jury has commenced its deliberations the court may not recall it for the giving of supplemental instructions, at least in the absence of a very narrow exception concerning an error or legal lacuna in the instructions already given. It has no application in the present case because it is undisputed that the instruction in question was given as a part of the court's charge to the jury before it retired.

 IC 35–37–2–2(6) does concern special instructions requested by the parties and provides *inter alia* that such instructions must be written and delivered to the court before the commencement of argument. This section concerns the order of trial, and our decisions have long held that the trial court is inherently responsible for the conduct and progress of the trial so this court should liberally construe the statute in fa-

vor of the trial judge. *Hollowell v. State* (1971) 256 Ind. 467, 269 N.E.2d 755; *Griffith v. State* (1959) 239 Ind. 321, 157 N.E.2d 191.

██ It is readily apparent that the statutory purpose is to have the court instruct the jury concerning the law as the last item of business before the jury retires so that it may commence its deliberations with the court's instructions fresh in memory. It is equally important, however, that counsel be aware of what those instructions will be, in order that they may craft their final arguments to take proper account of the instructions in attempting to persuade the jury of the justice of their client's cause. To that end the statutory (and historical) scheme calls for any tendered instructions to be submitted, objections thereto stated and the final charge to be settled before counsel make their final arguments.

██ Were Gunter before us asserting with specificity that the court's action in accepting an additional instruction to the charge actually prejudiced his defense because he was unable to address some critical feature therein in his final argument, or was precluded from opportunity to state his objection thereto, if he thought the instruction erroneous, the court's action would likely constitute reversible error. That, however, is not the case. No such claims have even been suggested. Instead, only the technical noncompliance is argued. We must, therefore, conclude that the error was harmless. *Griffith, supra.*

Gunter's final assignment asserts that the court erred in failing to list the aggravating and mitigating circumstances in the sentencing order. The argument appears to have two prongs. Gunter acknowledges that at the sentencing hearing the judge specifically found two aggravating circumstances and no mitigating circumstances.

██ He contends the court should have listed possible mitigating circumstances such as that the offense was committed when the business was closed and posed no injury to persons. It is well settled, however, that the court is not bound to explain why it has chosen not to make a finding of mitigation. *McCollum v. State* (1991) Ind., 582 N.E.2d 804.

██ He contends that although the court announced its findings of aggravating circumstances at the sentencing, it fatally erred by omitting them from the sentencing order. We agree that the statute contemplates that such findings should be set forth in the order; when the trial court fails to do so we will ordinarily remand with instructions to either set forth the aggravating circumstances or impose the presumptive sentence. *See, e.g., Riddle v. State* (1986) Ind., 491 N.E.2d 527. On the other hand, numerous decisions stand for the proposition that where the facts are not in dispute and the issues are sufficiently presented for meaningful review, remand solely to require the trial court to enter its findings more specifically is unnecessary. *See, e.g., Robinson v. State* (1986) Ind., 493 N.E.2d 765.

In the present case Gunter made no objection to the form of the court's order. The transcript of the sentencing hearing is in the record before us. In it the judge specifically designated the aggravating factors he found and the record discloses their factual basis. We must therefore again conclude that the error of omission in the order was harmless. *cf. Beasley v. State* (1983) Ind., 445 N.E.2d 1372.

The judgment is affirmed.

HOFFMAN and BUCHANAN, JJ., concur.