124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dave WILLIAMS, Petitioner-Appellant,
v.
Al C. PARKE, Superintendent, Respondent-Appellee.
 No. 96-2080.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997*
Decided July 15, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1976, Dave Williams was convicted of possession of heroin and sentenced to five years in prison. His conviction was affirmed by the Court of Appeals of Indiana, Williams v. State, 408 N.E.2d 123 (Ind.Ct.App.1980), and transfer was denied by the Supreme Court of Indiana. In 1985, he was convicted on three counts of cocaine distribution and three counts of conspiracy to distribute cocaine. He was also found to be a habitual offender--apparently in part due to his 1976 conviction. He was sentenced to sixty years' imprisonment, to run consecutive to a prior federal sentence. The 1985 conviction was affirmed on direct appeal. Williams v. State, 533 N.E.2d 1193 (Ind.1989). The state post-conviction proceedings and prior federal habeas proceedings relating to this conviction are described in Williams v. Parke, No. 95-3959 (7th Cir. Sept. 27, 1996) (unpublished order),[1] cert. denied, 117 S.Ct. 977 (1997); see also Williams v. Clark, No. 90-3710 (7th Cir. Dec. 23, 1991) (unpublished order).
 
 
 2
 In October 1995, Williams filed the habeas petition (pursuant to 28 U.S.C. § 2254) at issue in this case. In the petition, Williams stated that he was raising "the very same issues" that were presented on direct appeal in the Indiana state courts. Among the claims made in the petition was that he "was put into grave peril by the prosecutor making continuous remarks that were totally unconstitutional for prosecutors to make or for attorneys to allow for by making objections." Williams also claimed that he was convicted due to the improper admission of rebuttal testimony by a police officer and the refusal of the prosecution to disclose this testimony beforehand. He indicated that his claims were reflected in sections I through IV of the Indiana appellate court's opinion on direct appeal, 408 N.E.2d at 124-27, and accordingly he attached a copy of that opinion to the petition. The state responded to the petition by arguing that Williams's claims were barred under Smith v. Farley, 25 F.3d 1363 (7th Cir.1994), and Tredway v. Farley, 35 F.3d 288 (7th Cir.1994) (per curiam), and, in the alternative, that his claims did not amount to constitutional violations. The district court did not decide whether Williams's claims were barred under Smith and Tredway. Instead, the district court determined that the claims were without merit. The district court denied the petition and entered judgment. Williams appeals.
 
 
 3
 On appeal, Williams challenges the district court's decision as to his claims of prosecutorial misconduct and improper testimony. The state again argues that the claims are barred under Smith and Tredway and that they are without merit, and adds the contention that the current petition is an abuse of the writ. We need not consider the district court's evaluation of Williams's claims or the state's argument concerning abuse of the writ, because we agree with the state that the claims are precluded under Smith and Tredway.
 
 
 4
 As Williams makes clear in his current habeas petition, he was able to present his claims to the Indiana state courts on direct appeal. In Smith, this court held that only if state procedures "for detecting and correcting constitutional error ... are wholly absent, or are found to be constitutionality deficient, should a federal court inquire into the merits of matters such as the constitutionality of prior convictions used to enhance a present sentence." Smith, 25 F.3d at 1370 (citation omitted). In many cases, the petitioner may not have an incentive to present certain constitutional claims regarding one state conviction until that conviction has been used to enhance the sentence for a second state conviction. Id. at 1368; see also Tredway, 35 F.3d at 293-94. Accordingly, " 'a defendant's failure to use an initial opportunity to obtain review of a state conviction --- in a direct appeal or collaterally, while still serving the sentence--should not bar him from obtaining later indirect review of the conviction now being used in a wholly new manner.' " Tredway, 35 F.3d at 293 (quoting Smith, 25 F.3d at 1367). However, this rule does not apply where a defendant has already used this initial opportunity to obtain review of the first state conviction. See id. (quoting Smith, 25 F.3d at 1368).
 
 
 5
 Williams filed a direct appeal of the 1976 state conviction, making the same claims later raised in his current habeas petition. The Indiana Court of Appeal explained its reasons for rejecting these claims and the Supreme Court of Indiana denied transfer. There is no indication that Indiana's procedures "for detecting and correcting constitutional error ... are wholly absent, or are ... constitutionally deficient." Smith, 25 F.3d at 1370. Accordingly, we shall not "inquire into the merits of matters such as the constitutionality of [the] prior conviction[ ] used to enhance a present sentence." Id.
 
 
 6
 The judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P.34(a); Cir. R. 34(f)
 
 
 [1]
 As related in that order, the state court proceedings entailed the denials of a post-conviction petition in 1994, of a request for permission to file a belated appeal in 1995, and of a petition for transfer in 1995. The federal court proceedings involved a dismissal without prejudice of a habeas petition in 1990 and a dismissal with prejudice of another habeas petition in 1995; this court affirmed both dismissals