**Robert STANLEY, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A05–0103–CR–112.**

Court of Appeals of Indiana.

Sept. 26, 2001.

Alan K. Wilson, Public Defender, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Robert Stanley appeals the sentencing order of the trial court after his guilty plea to theft, a class D felony.[1] He raises two issues for our consideration: 1) whether the trial court's sentencing order was insufficiently specific, and 2) whether the trial court abused its discretion in ordering Stanley to pay $6,000.00 in public defender fees. We affirm with respect to the first issue, reverse with respect to the second, and remand.

## FACTS AND PROCEDURAL HISTORY

On August 21, 1998, Stanley received a check from a customer for work to be performed by Stanley. The check was in

the amount of $210.00, and Stanley altered the check to read $1,210.00. He then attempted unsuccessfully to cash the check. Stanley was arrested and charged; he then pled guilty to the theft on August 5, 1999. On March 12, 2001, Stanley was sentenced to three years in the Department of Correction, and a judgment was entered against him ordering him to reimburse Delaware County in the amount of $6,000.00 for public defender fees. Stanley then brought this appeal.

## DISCUSSION AND DECISION

The determination of an appropriate sentence is committed to the trial court's sound discretion. *Peckinpaugh v. State,* 743 N.E.2d 1238, 1243 (Ind.Ct.App. 2001). Article VII, Section 6 of the Indiana Constitution gives this Court the power to review and revise sentences "to the extent provided by rule." *Id.* We will revise a criminal sentence authorized by statute only where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Id.;* Ind. Appellate Rule 7(B). In determining whether a revision is warranted, the issue is not whether, in our judgment, the sentence is unreasonable, but whether it is clearly, plainly, and obviously so. *Id.*

1. *The Sentencing Order*

We first consider whether the trial court erred when entering its sentencing order. The sentencing order contains only the following language regarding aggravating and mitigating factors: "The Court now proceeds to sentencing herein, having considered the aggravating and mitigating circumstances, as well as additional evidence and comments of counsel." (App. at 148.) Stanley argues this order does not satisfy

1.  Ind.Code § 35–43–4–2(a).

the requirements established by our supreme court for a sentencing order.

▮ The trial court sentenced Stanley to a three-year term of imprisonment, said sentence being one and one-half years longer than the presumptive sentence for a class D felony. When the trial court imposes a sentence other than the presumptive sentence, or imposes consecutive sentences where not required to do so by statute, this Court will examine the record to insure that the court explained its reasons for selecting the sentence it imposed. *Harris v. State*, 716 N.E.2d 406, 412–413 (Ind.1999). The trial court's statement of reasons must include the following components: (1) identification of all significant aggravating and mitigating circumstances; (2) the specific facts and reasons that lead the court to find the existence of each such circumstance; and (3) an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Id.* We agree with Stanley that the sentencing order does not satisfy these requirements on its face.

▮ However, the transcript of the sentencing hearing is in the record before us. In it the judge specifically designated the aggravating factors he found, and the record discloses their factual basis. We must therefore conclude that the error of omission in the order was harmless. *See Gunter v. State*, 605 N.E.2d 1209, 1212 (Ind.Ct. App.1993).

The trial court's statement at the sentencing hearing reads in pertinent part as follows:

I need to consider the risk that the Defendant will commit another crime, the nature and circumstances of the offense committed, and any prior criminal record ... I don't know that that's necessarily a mitigating factor but obviously we'll recognize that he has no prior felony convictions ... as aggravators, we can consider the fact that the victims in this case were ninety and ninety-five years of age. I can consider his ... past ... Check Deception ... Battery and Resisting Law Enforcement ... he has a great propensity to commit fraudulent offenses ... the nature and circumstances of the crime committed here ... follow basically a pattern of behavior ... we have a lack of willingness to accept responsibility ... certainly probation itself was not successful ... if probation is not successful, then the Court ... will ... impose incarceration not only as a means of perhaps more effectively establishing rehabilitation but also to protect society ...

(Tr. at 33–34.) This discussion by the court, while perhaps not as clear or linear as Stanley might like, nevertheless demonstrates that the trial judge satisfactorily complied with our supreme court's enumerated requirements for a sentencing order. The trial court identified the aggravating circumstances of Stanley's criminal history, his recent probation violation, Stanley's need for correctional treatment in a penal facility, and the age of the victims.[2] Therefore, the first prong of the test in *Harris* is satisfied.

In addition, we find the trial court articulated the facts and reasons leading to the finding of each aggravator under the second prong in *Harris*. The trial judge described Stanley's prior criminal history as well as additional pending charges, and he

---

**2.** Although the trial court identified Stanley's lack of prior felony convictions as a potential mitigator, it is not clear whether this was actually considered in the sentencing order. Nevertheless, the aggravators significantly outweigh this single factor as a potential mitigator.

also noted the age of the victims. While the court did not engage in a specific discussion of how and when Stanley violated probation, we are unable to find any abuse of discretion as a result, especially given the existence of other aggravating circumstances. Finally, the court's lengthy discussion of the aggravating factors and one potential mitigating factor adequately demonstrates that it engaged in an evaluation and balancing of these factors in determining Stanley's sentence under the third *Harris* prong. We find no abuse of discretion here, and the trial court's failure to include this discussion in the sentencing order is harmless error.

## 2. *Reimbursement of Public Defender Fees*

■ Next, we consider whether the trial court abused its discretion in entering a judgment against Stanley in the amount of $6,000.00 for public defender fees. Ind. Code § 33–9–11.5–6(a)(2) provides statutory authority for a trial court to order a defendant to reimburse "[c]osts incurred by the county as a result of court appointed legal services rendered to the person" after a finding by the court that the defendant has the ability to pay those costs. That section also provides that "[t]he sum of: (1) the fee collected under I.C. 35–33–7–6; (2) any amount assessed by the court under this section; and (3) any amount ordered to be paid under I.C. 33–19–2–3; may not exceed the cost of defense services rendered to the person." Ind.Code § 33–9–11.5–6(d).

Ind.Code § 35–33–7–6 provides for the appointment of counsel to an indigent person. That section also provides that at the initial hearing stage, "[i]f the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay the following ... for a felony action, a fee of one hundred dollars ($100)." Ind. Code § 35–33–7–6(c). As we do not have a transcript of the initial hearing before us, we are unable to determine whether fees were ordered under that section. Therefore, this section must be considered on remand under the provisions of Ind.Code § 33–9–11.5–6(d).[3]

We must assume there was a finding at the initial hearing that Stanley was entitled to a public defender due to his indigency. As noted in Ind.Code § 35–33–7–6(d), "[t]he court may review the finding of indigency at any time during the proceedings." Therefore, the trial court properly reviewed Stanley's financial situation at the sentencing hearing. Stanley testified that at the time of preparation of the presentence report, he was working and earning three or four hundred dollars per week; he also testified that he would have a job available to him through his father's company upon his release from incarceration. (Tr. at 24–25.) Thus, the trial court stated that "there were times right up to the time ... sentencing was first scheduled ... where this Defendant ... was earning Three to Four Hundred Dollars a week so that he's certainly once he is back in society capable of earning monies." *Id.* at 35. This oral finding that at a point during the proceedings Stanley was no longer indigent justifies the subsequent conclusion by the trial court that Stanley was able to pay public defender fees upon his release from incarceration.[4] Thus, the

3. With regard to Ind.Code § 33–19–2–3, we note that section requires the trial court to conduct an indigency hearing when imposing costs and authorizes the trial court to structure payments for costs if a defendant is not indigent. Those costs are limited to the actual cost of services rendered for that defendant.

4. We note that the trial court made the following statement when entering this order:

award in this case may exceed the $100.00 limit on attorney fees to be charged an indigent person for representation as described in Ind.Code §§ 35–33–7–6(c).

However, the record contains no evidence or findings regarding the actual cost of defense services rendered to Stanley.[5] Without such findings, we are unable to determine how the trial court arrived at the $6,000.00 figure.[6] We also note that the record contains no findings or calculations regarding how the trial court arrived at its conclusion that Stanley would be able to reimburse the county in that amount given his average weekly salary of $300.00 to $400.00. Therefore, we find the trial court abused its discretion when entering this judgment against Stanley without appropriate findings, and on this issue we reverse and remand for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

SHARPNACK, C.J., and KIRSCH, J., concur.

---

[C]onsequently the Court would impose a judgment in favor of Delaware County to reimburse the county for providing a Public Defender of Six Thousand Dollars ($6,000.00). Now obviously he is presently indigent. It exists as a judgment. However, such time as he ... becomes financially self sufficient, it is a judgment which may at that point be satisfied.

(Tr. at 35.) Therefore, it appears the trial court contemplated that the judgment would not be enforced against Stanley until after his release from incarceration.

5. Interestingly, Stanley notes for us that the $6,000.00 judgment is "30% of the annual salary of a Delaware County Public Defender ... While it is certainly true that Delaware County Public Defenders are underpaid, the $6,000 figure seems grossly excessive by any standard." (Br. of Defendant–Appellant at 14.) Given that Stanley pled guilty rather than undergo a jury trial, we are inclined to agree.

6. We note the existence of a schedule of minimum fees for public defender services available from the state public defender's office under Ind.Code § 33–9–11–3.