Johnnie CHOCTAW, Appellant,

v.

STATE of Indiana, Appellee.

No. 978S191.

Supreme Court of Indiana.

April 11, 1979.

Richard S. Tebik, Munster, for appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of rape, sodomy and entering to commit a felony. He was sentenced to terms of 21 years on the rape count, two to 14 years on the sodomy count and one to five years on the burglary count.

The record reveals that the victim lived in an apartment house in Gary, Indiana. On January 22, 1977, she contacted the appellant to babysit for her while she attended an office party. Appellant agreed. He then bought some beer and came to her apartment where he proceeded to become intoxicated. The victim had been in the kitchen and as she walked into the living room she found appellant looking through her purse. She told him to take the change and leave. The victim and appellant then had an argument after which Ralph Love, who had heard them, came in and told appel-

lant to leave. The victim found another babysitter, went to the party and returned home around 10:00 p. m.

During the night the victim was awakened by a man's hand across her mouth. The man told her to "shut up." He told her he had beaten someone that night and would kill her little boy if she screamed. The ,intruder brandished a pistol and ordered her to remove her nightgown, after which he raped and sodomized her. The victim further testified that although the lights were turned off she got a good look at the assailant, as the street light was shining through the windows and the incident lasted more than a half-hour. She also was able to recognize appellant from his voice, his build and distinctive body odor. After he left, an aluminum storm window in the back bedroom of her apartment was discovered to be missing and its frame had been pried back and bent.

Appellant stated that he was drunk at a party at his niece's house until about 5:20 a. m., at which time he began walking toward the victim's home. He claims he was then arrested for crimes he never committed.

 Appellant claims the evidence is insufficient to prove he committed the crimes charged. The State's evidence, as recited above, was sufficient to support the jury's verdict that appellant was guilty beyond a reasonable doubt. Appellant has pointed merely to a conflict in the evidence, the resolution of which is for the jury and not a proper consideration for this Court.

 Appellant next claims the trial court erred in permitting the victim to testify that during the afternoon appellant "was in my purse, in my wallet." He asserts this created an impermissible and prejudicial implication that he was stealing money from her purse. It is the general rule that evidence of criminal activity other than that charged is inadmissible on the question of guilt. However such evidence may be admitted to show intent, motive, purpose, identification or common scheme

or plan. *Cobbs v. State* (1975) 264 Ind. 60, 338 N.E.2d 632. In the case at bar the evidence demonstrated the victim's familiarity with the appellant for purposes of identification as well as having a tendency to show motive and intent on the part of the appellant to later return and do bodily harm to the victim. The evidence clearly was relevant and admissible for those purposes.

 Appellant next argues that five separate motions for mistrial should have been granted by the trial court. The granting or denial of a motion for mistrial lies within the sound discretion of the trial court and will be reversed only when an abuse of such a discretion is shown. *Whitten v. State* (1975) 263 Ind. 407, 333 N.E.2d 86. The first motion came when the victim was on the witness stand and testified that she showed the police officers the window where appellant "must have come in." The Court denied the motion but admonished the jury to disregard the answer as it was conclusionary. The trial court was correct in its procedure. *Fletcher v. State* (1961) 241 Ind. 409, 172 N.E.2d 853.

 Second, the victim was asked what she said to her neighbor, Linda Love, regarding appellant's body odor. The victim stated that she had asked Love about it and that Love has said she had noticed it. The trial court, upon objection, admonished the jury to disregard the portion of the response relating to Love's answer as it was hearsay. The trial court ruled correctly and did not abuse its discretion by denying the motion for mistrial. *Dewey v. State* (1976) 264 Ind. 403, 345 N.E.2d 842.

 Third, Detective Barnes testified that he tried to take a statement from appellant but appellant refused to give such a statement. The trial court immediately admonished the jury to disregard the testimony since appellant has a constitutional right to refuse to give any statement at all to the police. This admonishment cured any error. *Dewey v. State, supra.*

█ Fourth, during cross-examination of appellant the State asked whether he had taken money from the victim's purse. The trial court immediately admonished the jury to disregard the question and answer. This admonishment cured any possible error. *Dewey v. State, supra.*

█ Fifth, appellant moved for a mistrial when he alleged that the State had failed to comply with the trial court's discovery order. Appellant has not shown what evidence was withheld from him or how he was prejudiced by such evidence. He points only to one telephone call as to which he says he was not informed; yet he does not even attempt to show the materiality of this evidence. Under such circumstances we cannot assume its materiality. The trial court therefore committed no error in denying the motion for mistrial. *Hale v. State* (1967) 248 Ind. 630, 230 N.E.2d 432.

█ Appellant also contends the trial court erroneously denied his *motion in limine* aimed at preventing the State from using his prior juvenile conviction for transportation of a stolen vehicle. The court overruled the motion, saying the conviction could be used for impeachment purposes, as *transportation of a stolen vehicle is an act of dishonesty.* The trial court did not err in permitting its use for impeachment. *Ashton v. Anderson* (1972) 258 Ind. 51, 279 N.E.2d 210. Furthermore, appellant introduced the evidence himself when he first took the witness stand. He thereby has waived any possible error regarding the denial of the *motion in limine.*

█ Appellant next claims the court permitted inadmissible hearsay to be presented to the jury when the investigating officer testified as to what the victim told him when he arrived on the scene. The victim made these statements to the officer within one hour of the incident while the victim was still in a state of mental excitement from the rape. These circumstances of time and mental condition diminish the probability that the victim deliberated and fabricated this story, and render these utterances trustworthy. Consequently, they fall within the res gestae or spontaneous exclamation exception to the hearsay rule and the trial court therefore committed no error in permitting the testimony. *Block v. State* (1976) 265 Ind. 569, 356 N.E.2d 683.

█ Appellant asserts that instruction numbered 12, on circumstantial evidence was erroneous. In appellant's brief the statement is made that the content of the instruction is not in the record and therefore that it would be fruitless to argue the merits of the objection to the instruction. However the record does in fact contain the instruction. We have examined it and find that within its standard language are long-standing principles of jury interpretation of direct and circumstantial evidence. The trial court did not err in giving the instruction.

█ Finally, appellant contends the trial court erred in permitting the jury instructions to be sent to the jury room. At the time the court decided to do so, both the prosecuting attorney and appellant's attorney stated they had no objection to the procedure. Furthermore, there is no reversible error since the instructions were first read in open court in the presence of the parties and their attorneys. *Jameison v. State* (1978) Ind., 377 N.E.2d 404.

The judgment of the trial court is in all things affirmed.

HUNTER, PIVARNIK and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result without opinion.