James Edward TALLEY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–778A168.

Court of Appeals of Indiana,
Third District.

Feb. 27, 1980.

Rehearing Denied March 20, 1980.

---

1. We note, the county courts have no jurisdiction in matters pertaining to probate. Ind.Code 33–10.5–3–2; 33–4–4–3.

G. Stanley Hood, Fort Wayne, for appellant.

Theo. L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant James Edward Talley was charged by information with two counts of first-degree arson for the burning of two dwelling houses located at 414½ (Count I) and 412½ (Count II) East Berry Street in Fort Wayne. The jury found him guilty on Count I and acquitted him on Count II. He was sentenced to an indeterminate period of not less than five nor more than twenty years.

His appeal raises these issues:

(1) whether the verdict was supported by sufficient evidence;

(2) whether the trial court erred in admitting an undated photograph of certain note pads and the pads themselves into evidence;

(3) whether the trial court erred in admitting a photograph showing various fire apparatus in the defendant's house;

(4) whether the trial court erred in allowing testimony about the defendant's interest in fires;

(5) whether the testimony of Terri Pace was properly excluded;

(6) whether it was proper to permit Bessie Young to testify about other fires occurring in the neighborhood;

(7) whether State's Instruction Nos. 2 and 3 were misleading;

(8) whether the trial court erred in refusing to read defendant's Instruction No. 8 to the jury; and

(9) whether the trial court abused its discretion in granting a motion to separate witnesses but permitting Officer Davis to remain in the courtroom throughout the trial.

Defendant maintains there was insufficient evidence to connect him with the crime. When reviewing an argument based on the sufficiency of the evidence, only that evidence most favorable to the State, along with all reasonable inferences to be drawn therefrom, will be considered in determining whether there is sufficient evidence of probative value upon which to predicate the jury's verdict. *Brandon v. State* (1978), Ind., 374 N.E.2d 504.

The record discloses that on April 17, 1977 the defendant was the sole tenant of a house at 414½ East Berry Street. Adjacent to these premises was a larger building (412½ which contained other apartments and office space. Around 9:00 P.M. on that evening the fire department responded to a call that there was a fire at 412½ East Berry Street and proceeded to extinguish it. About half an hour later Captain Phillips of the arson squad noticed smoke emanating from the defendant's residence. Another arson investigator on the scene, David Walda, rushed to the house and observed a fire smoldering. It was estimated that the fire had been burning for ten minutes before its discovery. There was evidence that the fire

had been started by the igniting of some note paper bearing the caption "Today's Weather in Chicago" which had been stuffed into the siding of the house. The papers were only partially charred due to the fact that they had been packed so tightly into the siding that the fire expired for lack of oxygen.

Phillips testified that the fire was deliberately set. He also testified that he saw the defendant on the premises about the same time he spotted the second fire. Moreover, he had observed a variety of firefighting equipment in the defendant's home including hydrants, hoses, alarm pull stations and nozzles. Walda testified that he discovered several pads of scratch paper bearing the caption "Today's Weather in Chicago" in the defendant's house. It was also revealed that the defendant had related his urge for fire and destruction to a friend, Richard Mapes.

The foregoing evidence, together with inferences reasonably to be drawn therefrom, was sufficient to support the verdict in that reasonable men could conclude beyond a reasonable doubt that the defendant set fire to his house. Accordingly, the verdict cannot be disturbed.

[3] Defendant charges that a photograph taken inside his house which showed several pads of paper bearing the caption "Today's Weather in Chicago" and the pads themselves were rendered inadmissible due to the failure of the State to stamp the date when the picture was taken on the photograph. The standards of a foundation for such evidence are not so rigorous. The witness who took the photograph testified that it accurately portrayed the scene as he found it on April 25, 1977 and that the pads admitted into evidence were the same items as depicted in the photograph. This was sufficient. *Lewis v. State* (1976), 264 Ind. 288, 342 N.E.2d 859; *Stephens v. State* (1973), 260 Ind. 326, 295 N.E.2d 622.

[4–6] Also assigned as error is the exclusion of witness Terri Pace's testimony. Pace was called as part of the defendant's case and testified that she had been with him from 5:00 P.M. to 8:00 P.M. on April 17, 1977. At this point the State interposed an objection, arguing that her testimony ought to be excluded because the defendant had not filed a notice of intent to offer alibi. The trial court sustained the objection and ordered the testimony stricken from the record. On appeal defendant suggests that the evidence was not offered to establish an alibi but rather to explain his activities on the date of the fire. The trial court is vested with broad discretion with respect to the reception of evidence and its determination may be reversed only upon a showing of an abuse thereof. *Misenheimer v. State* (1978), Ind., 374 N.E.2d 523. Such abuse may be shown by a demonstration that the ruling was contrary to the logic and effect of the facts and circumstances before the court. *State v. Moore* (1979), Ind.App., 391 N.E.2d 665. No such showing was made here insofar as the defendant has merely asserted that the ruling was erroneous.

[7–10] The action of the trial court in admitting State's Exhibit No. 5, a photograph portraying an array of fire-fighting paraphernalia in the defendant's house, is also assailed. Trial courts have wide discretion in ruling on the admissibility of photographic evidence. The test to be applied is whether the photographs are relevant to any material issue. Their relevancy is determined by whether a witness would be permitted to describe verbally that which the photograph depicts. *Perkins v. State* (1979), Ind.App., 392 N.E.2d 490. Since oral testimony concerning the defendant's interest in fires is proper, a photograph displaying that interest is admissible as well. *See: White v. State* (1978), Ind., 381 N.E.2d 481.

[11] It is also urged that the trial court erred in permitting Larry Easterday to testify that one of the defendant's favorite television programs was "Emergency" (a show dealing with firefighters and paramedics) and that the defendant had discussed firefighting apparatus with him. Furthermore, defendant insists it was error to allow rebuttal testimony by Richard Mapes regarding the defendant's urge for

fire and destruction.[1]  Evidence of the defendant's interest in fires in general was clearly relevant.  *White v. State, supra.*  These facts tended to connect the defendant with the burning of his residence.

[12, 13]  Defendant next alleges that part of Bessie Young's testimony on cross-examination was erroneously admitted because it was irrelevant.  The disputed testimony concerned other fires of suspicious origin which occurred between 1974 and 1976 in the neighborhood during the time the defendant resided there.  This testimony was clearly part of the subject matter covered by direct examination since the defendant questioned the witness about another fire occurring in the 1960's.  It is well settled that the scope of permissible cross-examination extends to all phases of the subject matter covered in direct examination and is not limited to those parts specifically included in the direct examiner's questions.  *Wofford v. State* (1979), Ind., 394 N.E.2d 100.  Thus, there is no merit to defendant's argument.

[14]  Defendant also asserts error in the giving of State's Instruction No. 2 which dealt with the elements of first-degree arson.  However, there is nothing in the record indicating that it was objected to by the defendant at the time it was given.  The first objection to the instruction is mentioned in the motion to correct errors.  Since he did not object at the time the instruction was given, any error is waived.  *Jacks v. State* (1979), Ind., 394 N.E.2d 166.

[15]  Defendant next complains of State's Instruction No. 3 on the grounds that it is misleading and confusing.  That instruction contained the following statements:

"Motive is not an essential element of the crime of first degree arson.  While the motive to commit a crime may be shown as a circumstance to aid in fixing the crime on the defendant, yet the State is not required to prove a motive on the part of the defendant in order to convict him.  Evidence establishing or tending to establish motive or lack of motive upon the part of the accused to commit the crime with which he is charged is proper, and should be considered by the Jury."

No error was committed in the giving of this instruction since it was a correct exposition of the law on the subject of motive.  *Morgan v. State* (1921), 190 Ind. 411, 130 N.E. 528;  *Wheeler v. State* (1902), 158 Ind. 687, 63 N.E. 975.

[16, 17]  Defendant further objects to the refusal of the trial court to read his tendered Instruction No. 8 which was as follows:

"You are instructed if the evidence merely tends to establish a suspicion of guilt it is not sufficient to sustain a conviction."

This instruction is a correct statement of the law as far as it goes.  The request that the instruction be given was properly refused, however, because the subject matter was sufficiently covered by other instructions given to the jury.  *Tolbert v. State* (1979), Ind., 391 N.E.2d 823.  These other instructions enumerated the elements of first-degree arson and informed the jury that a person charged with the commission of a crime must be proved guilty beyond a reasonable doubt before he can be convicted.

[18]  Lastly defendant claims the trial court erred in permitting Officer Davis to remain in the courtroom following the sustaining of the motion for separation of witnesses.  This contention was disposed of in

---

1.  Defendant also submits that admission of this rebuttal testimony violated the trial court's order in limine.

    "For instructive purposes it should be noted at this point that it is not the office of a motion in limine to obtain a final ruling upon the ultimate admissibility of evidence as was sought by appellant, but is rather to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making

statements about it before the jury, or presenting the matter to a jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself.  *Baldwin v. Inter City Contractors Service, Inc.* (1973), 156 Ind.App. 497, 297 N.E.2d 831."

*Lagenour v. State* (1978), Ind., 376 N.E.2d 475, at 481.

*Gee v. State* (1979), Ind., 389 N.E.2d 303, at 307–308:

> "The matter of separation of witnesses is left to the sound discretion of the trial court. The court was acting well within this discretion in permitting the prosecutor to retain the investigating police officer to aid him in the prosecution of this case. The fact that this officer was also a witness who later testified in the case does not render the trial judge's discretion abusive. [quoting from *Hilligoss v. State* (1970), 253 Ind. 443, at 446, 255 N.E.2d 101, at 104]
>
> "Each party has a right to have one person in the courtroom to aid counsel and it is accepted procedure in Indiana to have a police officer remain even though he is also a witness. The trial court did not abuse his discretion in permitting it here."

No reversible error having been demonstrated, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.