Arzel **WHITE**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 580S148.

Supreme Court of Indiana.

Sept. 1, 1981.

---

Robert W. Hammerle, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Kidnapping, Ind. Code § 35–42–3–2(b) (Burns 1979) and Rape, Ind. Code § 35–42–4–1(a) (Burns 1979), after trial by jury and sentenced to concurrent terms of thirty (30) years imprisonment on the Kidnapping charge and forty (40) years imprisonment on the Rape charge. This direct appeal presents the following issues:

(1) Whether the trial court erred in sustaining the State's relevancy objections to questions asked of the defendant.

(2) Whether the evidence is sufficient to support the convictions.

The evidence favorable to the State discloses that at 3:30 a. m. on June 2, 1978, Thomas Alexander was standing at a phone booth in an automobile service station at 34th Street and Keystone Avenue in Indianapolis. The prosecutrix arrived at the station in her own automobile just as Alexander was going to telephone her. The defendant, carrying a gun, approached them and by intimidation with the gun, compelled Alexander to leave the scene. Defendant then abducted the prosecutrix and drove off with her, in Alexander's car, to an alley where he raped her.

\* \* \* \* \* \*

ISSUE I

During direct examination of the defendant the following colloquy occurred:

"Q When's the last time you talked to your dad?

"A In December, of last year.

"Q Now, are you hiring me?

"A No.

"Q Who's paying me, as far as you know?

MS. DeLANEY: Objection, Your Honor.

"A State.

MS. DeLANEY: I don't see the relevancy.

THE COURT: The objection will be sustained.

"Q Now, I've been representing you since back in June, when you were arraigned in this court. Is that right?

"A Right.

"Q Was it your intention to hire a private lawyer? As soon as you could?

MS. DeLANEY: Again, Objection, Your Honor.

THE COURT: The objection will be sustained."

Defendant interposed an alibi defense, which consisted of his own testimony and the testimony of his father, James White. James testified that the defendant came home at 8:30 or 9:00 p. m. on June 1st, that shortly thereafter he, James, fell asleep but at 5:30 or 6:00 a. m. the following morning, he wakened his son, who was sleeping in the basement.

White, who is retired, returned to Indiana from California two days prior to trial. He spoke to Defendant's trial counsel for the first time on the night before the trial. Defendant argues that he wanted to show that he was trying to hire private counsel prior to trial and that as a result, the public defender had not become aware of White's knowledge until the night before trial. Defendant asserts that the information which was excluded would have explained why the defendant's father had not revealed earlier what he knew to defense counsel. He contends that the excluded testimony was relevant " * * * to offset the impression of the defendant coming up with an 'eleventh hour defense.' "

 The trial court has wide discretion in ruling on the relevance of evidence in a criminal proceeding. *Turpin v. State*, (1980) Ind., 400 N.E.2d 1119, 1122. Evidence is relevant if, in the light of general experience, it logically tends to prove or disprove some issue of fact. *Irons v. State*, (1979) Ind., 397 N.E.2d 603, 606. Defendant further contends that the excluded evidence " * * * was relevant to establishing the credibility of (his) father and his corroborating alibi testimony."

 From the evidence, the jury could have convicted the defendant, even if it believed his father's testimony. The abduction occurred at about 3:30 a. m. The defendant then drove approximately eleven blocks to the location of the rape. The prosecutrix testified that the assault lasted thirty to forty-five minutes. The home, at which the defendant's father awoke the defendant at 5:30 or 6:00 a. m. is located at 3644 Oxford, approximately six blocks from the scene of the rape. The prosecutrix testified that " * * * it was daybreak, so it was about five, 5:30, something like that." when the defendant left her. In short, the testimony of his father contributed little to the defendant's alibi, as the defendant could very well have been in his father's home at 9:00 p. m. on the 1st and 5:30 or 6:00 a. m. on the 2nd and yet have committed the offense charged.

In view of all the evidence, we do not think that the excluded evidence had any tendency to make it more or less probable that the defendant was the assailant, which was the issue at trial. The trial court did not abuse his discretion in excluding the proffered evidence.

Additionally, we note that the response to one question was made after the objection and was not stricken from the record. The jury heard that the State was paying for defense counsel's services and was not admonished to disregard that testimony. Thus, with respect to that question, the defendant has not shown how he was harmed by the asserted error, as is his burden. *Hester v. State*, (1974) 262 Ind. 284, 291, 315 N.E.2d 351, 355.

## ISSUE II

The defendant's challenge to the sufficiency of the evidence is predicated solely upon the correctness of his position in Issue I. That issue having been determined against him, there is no basis for the claim under this assignment. *Fleener v. State*, (1980) Ind., 412 N.E.2d 778, 782.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.