**Kevin COLLINS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1280S432.**

Supreme Court of Indiana.

Dec. 30, 1981.

Gilbert King, Jr., Gary, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, C. Ambrose Ramsey, Research Asst., for appellee.

GIVAN, Chief Justice.

Appellant was charged with the crime of Murder. In his first trial, a mistrial was declared when the jury was unable to reach a verdict. Retrial commenced on April 20, 1980, in Lake Superior Court, Criminal Division Four, Clement, J., presiding. The jury found appellant guilty of Voluntary Manslaughter as defined in I.C. 35–42–1–3 [Burns' 1979]. He was sentenced to a fifteen year term of imprisonment.

Appellant contends there is insufficient evidence to support the verdict of the jury.

It is well established in considering a claim of insufficiency of the evidence this Court does not weigh the evidence or judge the credibility of witnesses. We consider only the evidence most favorable to the State, together with all reasonable inferences that may be drawn therefrom. If from that evidence and the inferences drawn, therefrom, a reasonable trier of fact could find existence of each element of the crime beyond a reasonable doubt, the conviction is affirmed. *Bond v. State*, (1980) Ind., 403 N.E.2d 812; *Helton v. State*, (1980) Ind., 402 N.E.2d 1263.

■ Applying the principles enunciated above, we find sufficient evidence of the presence of all the elements of the crime of voluntary manslaughter to support the jury's verdict of guilty beyond a reasonable doubt. The crime occurred outdoors in a Gary, Indiana, housing project in the evening or early morning of June 27 or 28, 1979. One witness, Rhonda Edwards, testified appellant said, "I am going to get him," referring to the victim. Edwards later testified appellant tried to entice her and a friend to draw the victim into a situation in which appellant could shoot him. When she refused to do so, she testified he said, "That's okay. I'll do it my own damn self." A little later Edwards testified appellant told some of his friends they would read about it in the newspaper the next day, referring to what he was going to do to the victim.

Testimony of Edwards and another witness, Keith Powell, indicated appellant was carrying a gun at the time. Powell also testified he was only half a block away from the victim when he heard a shot fired. He turned and saw appellant running from the spot where the victim's body lay. At the time appellant was only four or five feet from the body of the victim. Powell also testified there was no one else in the vicinity of the body at that time. Testimony of the doctor who performed the autopsy on the victim indicated the gun from which the fatal shot was fired had been held no more than twenty-four (24) inches from the victim's head when it was fired. Though Powell testified he did not actually see appellant fire a gun, his testimony coupled with that of the doctor, certainly was sufficient for the jury to find a reasonable inference that appellant was the person who fired the shot.

Appellant contends the State's case carries a critical defect in that no evidence was adduced indicating anyone saw appellant fire the fatal shot. Appellant's argument is that the evidence against him is all circumstantial, citing *Ball v. State*, (1980) Ind. App., 406 N.E.2d 305. Though the evidence appellant fired the fatal shot must be inferred from the testimony of Powell and the doctor who performed the autopsy, the evidence as to appellant's intent is certainly direct evidence. Thus, the rule in *Ball, supra*, that a conviction cannot be sustained based wholly on circumstantial evidence unless every reasonable hypothesis of innocence is excluded by that evidence, does not apply in this case.

■ Appellant claims various inconsistencies in the testimony of Keith Powell as compared to statements Powell gave to police before trial. In so doing, appellant asks this Court to reverse the conviction because Powell was not a credible witness. We emphasize again this Court does not judge the credibility of witnesses. *Bond, supra; Helton, supra*. The jury had a right to consider Powell's testimony as compared to his previous statements and to believe whichever version it chose. Appellant cannot now complain because the jury chose to believe the version most damaging to him.

Appellant claims the trial court erred in denying his motion for a mistrial. This motion was made after reception of testimony of witness Sandra Brim. She testified on the night of the shooting she saw appellant in the housing project. She testified as soon as she saw him she shut her door and a few minutes later heard several shots fired. She then called police. The prosecutor asked her what she told them, and she responded she told them appellant was doing some shooting. At that point, appellant moved for a mistrial and the motion was denied.

■ At this point there was no erroneously admitted evidence before the jury; thus denial of the motion for a mistrial was proper. Appellant contended at the time he made the motion and also now contends Brim's statement was hearsay and should not have been admitted. Hearsay has been defined in Indiana as "testimony by a witness in a judicial proceeding relative to an extra-judicial statement by another and which is offered for the purpose of proving the facts asserted by the declarant." *Trustees of Indiana University v. Williams,* (1969) 252 Ind. 624, 631, 251 N.E.2d 439, 443. At the time appellant moved for a mistrial, Brim had testified only to what she had said, not what an out-of-court declarant had told her, and thus it was not hearsay. No error was committed by denying the motion for a mistrial.

On cross-examination, appellant elicited from Brim testimony that she had not actually seen appellant do any of the shooting. Rather, she admitted she only "knew" appellant was the one firing the gun in the neighborhood because someone else told her it was him.

■ Any error alleged to have been committed by allowing the previous testimony from Brim to stand, to the effect that she told police appellant had done the shooting she heard, was waived by appellant's failure to move to strike that testimony. We have held a motion to strike is the proper remedy for removing testimony from consideration of the jury when its objectionable nature becomes obvious only upon cross-examination of the witness. *State v. Sovich,* (1969) 253 Ind. 224, 252 N.E.2d 582. We also note this general rule is reflected in *Annot.* 23A C.J.S. *Criminal Law* § 1068, wherein it is stated: "A motion to strike is necessary where ... evidence apparently proper when admitted is subsequently shown to be objectionable." We apply that rule here and hold where evidence properly admitted at the time it is introduced is later shown to be objectionable a motion to strike that testimony is necessary to preserve any error charged to admission of the evidence.

The trial court is in all things affirmed.

DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., concurs in result.