Ralph Downey CHAMBLISS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–483A99.

Court of Appeals of Indiana,
Third District.

Sept. 29, 1983.

Denise M. Hallett, Hallett & Hallett, Portage, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Ralph Chambliss (Chambliss) was convicted of robbery.[1] He appeals and contends that the trial judge erred in admitting testimony implicating Chambliss in another robbery.

Affirmed.

Chambliss was convicted of robbing a clerk at a Photomat store. Although the victim was unable to make an in-court identification, she had positively identified Chambliss at the scene shortly after the robbery. Over defense counsel's objections, the victim was allowed to testify that the same man who robbed her and whom she identified the day of the charged robbery had robbed her the previous week at the same location.

■ Evidence of uncharged criminal activity is inadmissible at trial for the purposes of proving a defendant's guilt. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843, 846. However, such evidence

may be admissible where its relevance is on another issue such as the defendant's motive, intent, purpose, knowledge, or identification as the perpetrator. *Cobbs v. State* (1975), 264 Ind. 60, 338 N.E.2d 632, 633.

■ In this case the victim's testimony that she had recognized the man she identified at the scene of the charged robbery as the perpetrator also of the previous robbery was relevant to help identify Chambliss as the perpetrator of the charged crime. That is, the reliability of her on-the-scene identification of Chambliss was bolstered by the fact that she had been his victim twice in the same place and under the same circumstances. The testimony was properly admitted. *See, Chocktaw v. State* (1979), 270 Ind. 545, 387 N.E.2d 1305; *see also, Lockridge v. State* (1977), 172 Ind.App. 141, 359 N.E.2d 589.

Chambliss argues that the prejudicial effect of the testimony outweighed its probative value. He suggests that the on-the-scene identification could have been bolstered by limiting the victim's testimony to a statement simply that she had seen the defendant at the store on another occasion.

■ The reception of evidence is within the sound discretion of the trial judge whose decision is reversible only upon a showing of abuse of discretion. *Talley v. State* (1980), Ind.App., 400 N.E.2d 1167, 1170. Abuse of discretion must be shown by demonstrating that the ruling was contrary to logic. *Id.* Chambliss can make no such showing.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.

1. IC 1979, 35–42–5–1 (Burns Code Ed., Supp.   1982).