**Leland HENDERSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 183 S 26.**

Supreme Court of Indiana.

Nov. 17, 1983.

Robert W. Hammerle, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Leland Henderson was convicted of Attempted Voluntary Manslaughter, Ind.Code § 35–41–5–1 (Burns Repl.1979) and Ind.Code § 35–42–1–3 (Burns Repl.1979), at the conclusion of a jury trial in Ohio Circuit Court on April 23, 1981. Henderson was also found to be a habitual offender and sentenced to forty (40) years imprisonment. He now appeals.

Defendant Henderson raises two issues on appeal, concerning:

1) whether the trial court erred in sustaining the State's objection to hearsay testimony; and,

2) whether the trial court erred in refusing to allow testimony of a defense witness.

The evidence most favorable to the State reveals that the victim, Lewis Mosley, was once married to the defendant's sister. There was great animosity between Mosley and his ex-wife and between Mosley and the defendant. The defendant's mother testified that the two men had never been on friendly terms and that the defendant had once hit Lewis Mosley on the head with a hammer.

Mosley and several friends spent the morning of August 18, 1979, drinking beer at a boat dock in Rising Sun, Indiana. The men left the boat dock in Mosley's truck and another vehicle. A rifle was lying on a gun rack in the truck but the shells were on the dashboard. The two vehicles stopped in front of the home of John Richards. Several people were standing on the Richards' lawn, including the defendant, his mother, and his two sisters. Mosley left the truck

and the defendant went into the house and returned with a gun. The two men yelled at one another and although the defendant's mother and sisters tried to restrain him, the defendant shot Mosley three times. Defendant Henderson admitted this at trial but claimed he acted in self-defense.

## I

Defendant Henderson first argues that the trial court committed reversible error by striking portions of his mother's testimony. Laura Land, the defendant's mother, testified that the victim, Lewis Mosley, had been married to the defendant's sister and that the defendant and Mosley were not on friendly terms. Land stated that two weeks before the shooting, Mosley threatened to kill the defendant and pointed a gun at him. On the day of the shooting, Land drove around looking for the defendant and his sister because Mosley was drunk and was "going to come and get them." After she found the defendant, Land told the defendant and his sister to leave town because Mosley was going to "get" them. Land also testified that Mosley said he was going to kill both the defendant and his sister. The State made a hearsay objection which the trial court sustained. The trial court also ordered the jury to disregard the statement. The defendant claims that this erroneous ruling destroyed his theory of self-defense because it excluded relevant evidence.

Hearsay is an out-of-court statement repeated in court to establish the truth of the matter contained therein. *Samuels v. State,* (1978) 267 Ind. 676, 678, 372 N.E.2d 1186, 1187. Hearsay testimony is not admissible, but testimony by a witness only to what she had said, not what an out-of-court declarant had told her, was not hearsay. *Collins v. State,* (1981) Ind., 429 N.E.2d 629, 631. As such, Land's testimony about what Mosley said was hearsay and was properly stricken from the record. The trial court was correct, however, in allowing Land to state that she tried to get the defendant to leave town.

Defendant claims that the victim's statements constituted an exception to the hearsay rule. Assuming, *arguendo,* that the statement did constitute an exception to the hearsay rule, there is no need to reverse because the defendant has failed to show how he was harmed by the trial court's ruling. The defendant has the burden to show how the alleged error prejudiced his position. *White v. State,* (1981) Ind., 425 N.E.2d 95. Land's testimony was cumulative of testimony of several witnesses that Mosley threatened the defendant prior to the shooting. Furthermore, after the hearsay objection was sustained and the jury was admonished, Land stated that Mosley had threatened the defendant on numerous occasions in the previous week. This statement was not stricken. We fail to see any harm in this issue.

## II

Finally, the defendant called Helen Parks to testify that she had witnessed a frightening encounter between Mosley and his ex-wife and children. The State objected on relevancy grounds. Out of the jury's hearing, defense counsel argued that the witness heard Mosley threaten to kill his ex-wife and children. The trial court sustained the objection and the witness was excused.

The trial court has wide discretion in ruling on the relevancy of evidence in a criminal proceeding. *Pearson v. State,* (1982) Ind., 441 N.E.2d 468; *Turpin v. State,* (1980) 272 Ind. 629, 400 N.E.2d 1119. Admission of evidence which is arguably relevant is a matter of trial court discretion, and reversal would occur only upon a showing that such discretion had been manifestly abused and the complaining party had been denied a fair trial. *Napier v. State,* (1983) Ind., 445 N.E.2d 1361, 1364.

Defendant argues that Mosley's separate threat to his ex-wife has bearing on his self-defense claim because the defendant and his sister, the ex-wife, were together when warned to leave town. However, the trial court ruled that the proffered evidence did not show that the defendant him-

self had been put in fear of his life. The evidence showed only that the sister was frightened. We find no error on this issue.

The judgment of the trial court is affirmed.

GIVAN, C.J., concurs.

HUNTER, J., concurs in result with separate opinion in which DeBRULER, J., concurs.

PRENTICE, J., concurs in result without opinion.

HUNTER, Justice, concurring in result.

I fully concur with Section II of the majority opinion but disagree with its conclusion in Section I that the witness's testimony concerning the victim's threat to kill the defendant was inadmissible hearsay. I believe the testimony, when taken in context, was not hearsay and that the trial court erred in striking it from the record. However, this conclusion should not result in reversal in light of the fact that defendant has failed to show how he was harmed by the trial court's ruling.

Undoubtedly, only extra-judicial statements that are offered to prove the truth of the facts asserted by the declarant are hearsay. *Dunaway v. State,* (1982) Ind., 440 N.E.2d 682; *Trustees of Ind. Univ. v. Williams,* (1969) 252 Ind. 624, 251 N.E.2d 439. Proof of out-of-court utterances may be made for an almost infinite variety of other purposes which do not depend upon the veracity of the out-of-court declarant. *Morse v. State,* (1980) Ind., 413 N.E.2d 885, and cases cited therein. An example directly applicable to the instant case is wherever an utterance is offered to evidence *the state of mind* which ensued *in another person* in consequence of the utterance. It is obvious here that no assertive or testimonial use is sought to be made of the utterance, and it is therefore admissible, so far as the hearsay rule is concerned. *VI J. Wigmore, Evidence* § 1789 (Chadbourn rev. 1976); *C. McCormick, Evidence* § 249 (2d ed. 1972).

Here, Land testified that on the day of the shooting she was looking for the de-

fendant to warn him that the victim, Mosley, was drunk and was "going to come and get [him]." After finally locating the defendant, Land told him to "get out of town because Lewis [Mosley] is in town and he's going to get you. *He said he was going to kill you.*" (Our emphasis.) The trial court ruled and the majority of this Court now agrees that Land's last statement constitutes inadmissible hearsay because it is based on what Mosley, an out-of-court declarant, had said. I believe this conclusion is erroneous because although Land's testimony contains an out-of-court declaration, it was not offered to prove the truth of the matter asserted—that Mosley actually threatened to kill the defendant. Instead, it was offered to show that defendant believed Mosley had threatened his life and is therefore relevant to the reasonableness of defendant's apprehension of danger when he later confronted Mosley.

Nevertheless, I do not believe the trial court's exclusion of Land's testimony constitutes reversible error. Even if the jury was allowed to consider Land's testimony in total, the evidence would still be insufficient to support defendant's claim of self-defense as a matter of law. As in *Brumfield v. State,* (1982) Ind., 442 N.E.2d 973, the defendant here shot his victim several times and the record shows that the victim did not have a gun on his person at the time of the shooting.

DeBRULER, J., concurs.