James PHARMS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 284S54.

Supreme Court of Indiana.

April 4, 1985.

David Olson, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, James Pharms, was convicted by a jury of robbery, a Class B felony, Ind.Code § 35–42–5–1 (Burns 1984 Supp.), and was sentenced to a term of imprisonment of fifteen years. He raises the following issue in this direct appeal:

Whether the trial court erred in admitting evidence of a previous uncharged robbery by the defendant of the same victim.

A brief summary of the facts from the record most favorable to the state reveals that the defendant entered a restaurant and ordered two chili dogs and a vanilla shake. He pointed a gun at the cashier and said, "Give me the money." That night, the cashier reported to the police that the robber was the same man who had robbed the restaurant three months earlier. At the earlier robbery, the robber ordered two chili dogs and a vanilla shake. He pointed a similar gun at the cashier and said, "Give me the money." The admission of the evidence of the earlier robbery is the reason for this appeal.

The defendant sought to have the testimony excluded on the grounds that evidence of uncharged crimes is inadmissible to prove the guilt of the accused. *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. However, the trial court allowed the evidence for the limited purpose of establishing the identification of the robber. *Choctaw v. State*, (1979) 270 Ind. 545, 387 N.E.2d 1305. His identification was in issue, as the defendant had raised an alibi defense. The victim's identification of the defendant as the perpetrator of the second robbery was bolstered by the fact that she had been his victim previously. *See, Chambliss v. State*, (1983) Ind.App., 454 N.E.2d 90. The evidence was properly admitted for this purpose.

The trial court also admitted the evidence of the defendant's participation in the earlier robbery as establishing a common scheme or plan which, therefore, bolstered the state's proposition that the same man, the defendant, was properly identified as the perpetrator of the second crime. *Randolph v. State*, (1977) 266 Ind. 179, 361 N.E.2d 900. The defendant does not argue that the characteristics of the two crimes do not constitute a distinctive *modus operandi.* Instead, he argues that he was not convincingly tied to the first robbery. The defendant's argument merely attacks the credibility of the witness who positively

identified him as the robber. We will not rejudge credibility.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER and PI-VARNIK, JJ., concur.

PRENTICE, J., concurs in result.