Raymond ENGLE, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 985 S 353.

Supreme Court of Indiana.

April 7, 1987.
Rehearing Denied June 3, 1987.

**4**

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Raymond Engle was found guilty by a jury in the Marion Superior Court Criminal Division I of the crimes of robbery and confinement. He was subsequently sentenced to terms of sixteen (16) years on each count, said terms to run concurrently. Four issues are presented for our review in this direct appeal:

1. limitation of cross-examination on a State's witness;

2. admission of improper evidence;

3. incompetency of counsel; and

4. sufficiency of the evidence.

The evidence showed that on November 12, 1984, Appellant met his nephew, Buddy Gibson, and his cousin, Pam, a juvenile, seventeen (17) years of age, at the home of Appellant's aunt. The three had consumed drugs and alcohol. They planned Pam would pick up a man at the Rafters Bar and entice the man outside. Appellant and Gibson would then rob the man, thereby getting money to buy more drugs. Pam had at one time been a dancer at the Rafters. At approximately 10:00 p.m., November 12, the victim, a dentist from Linton, Indiana, arrived in Indianapolis to spend the night. He went to a condominium belonging to his friend to leave some belongings and then went out, eventually going to the Rafters Bar.

While Appellant and Gibson waited in the car in the parking lot, Pam enticed the victim to leave with her as planned. Pam and the victim then drove to the friend's condominium, followed by Appellant and Gibson. Pam and the victim entered the apartment. They drank beer in the living room and then the victim went into the bathroom. Pam then let Appellant and Gibson into the condominium where they encountered the victim in the hallway. Appellant, wearing a ski mask, pointed a gun at the victim and ordered him to lie down in the hallway. The victim was then tied with electrical cord. Appellant, Gibson, and Pam took the victim's wallet and money, along with jewelry, telephones and guns belonging to the owner of the condominium. The three then returned to the home of Appellant's aunt to split up the items they had taken. The next day, Appellant and Gibson, along with other of Appellant's relatives, used the victim's credit cards stolen in the robbery to make purchases at local stores.

### I

Both Pam and Gibson plea bargained with the State, agreeing to testify against Appellant. Their agreements with the State were fully revealed to the jury in their testimony. Pam was still a seventeen-year-old juvenile at the time she testified. On cross-examination, Appellant attempted to impeach her by showing she had been adjudicated a juvenile delinquent in that she had committed acts that would be theft if she were charged as an adult.

The court sustained objections to this testimony.

Ind.Code § 31–6–3–5(b) provides:

A child may not be considered a criminal by reason of an adjudication in a juvenile court nor may such an adjudication be considered a conviction of a crime. Such an adjudication does not impose any civil disability imposed by conviction of a crime.

This Court held in *Shelby v. State* (1972), 258 Ind. 439, 441–42, 281 N.E.2d 885, 887, that the impeachment of an accomplice's testimony by a prior juvenile record is not permissible under the general rule that an adjudication of juvenile delinquency cannot be used for impeachment purposes. Appellant claims this Court held otherwise in *Choctaw v. State* (1979), 270 Ind. 545, 548, 387 N.E.2d 1305, 1308. *Choctaw,* however, referred to a juvenile who was convicted for transportation of a stolen vehicle. We held the conviction could be used for impeachment purposes as transportation of a stolen vehicle is an act of dishonesty pursuant to *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210. Conviction for a felony is very different than a finding of juvenile delinquency. Apparently, in *Choctaw,* there had been a waiver from juvenile court to criminal court since the conviction was for violation of a particular criminal statute. That is not the case here. Appellant attempted to impeach the general credibility of the witness with the finding of delinquency for particular acts. The trial court properly excluded such inquiry. *Shelby,* 258 Ind. at 441–42, 281 N.E.2d at 887.

## II

■ Secondly, Appellant argues the trial court erred by admitting into evidence State's Exhibit 10, a letter from Appellant to Pam, which contained sexually explicit references. Appellant claims the letter had no probative value and was introduced solely to inflame and prejudice the jury. We disagree.

Appellant waived this argument by not specifically objecting to the introduction of the letter at trial. The record reveals that Appellant objected to the introduction of the letter on foundational grounds only. The trial court overruled the objection and allowed the letter to be read to the jury. After this, the jury was excused and Appellant moved for a mistrial. It is well settled that a specific objection must be made before the evidence is introduced. *Wagner v. State* (1985), 474 N.E.2d 476, 485; *Tinnin v. State* (1981) 275 Ind. 203, 416 N.E.2d 116, 118. Here, Appellant objected to an improper foundation. He did not object on grounds of undue prejudice. Thus the issue is waived.

■ Further, Appellant's argument has no merit. Despite the fact that the letter contained sexual references, Appellant stated in the letter that the State has "the best hand," and urged Pam not to cooperate with the police in their investigation. A trial court has wide discretion in ruling on the relevancy of evidence in a criminal proceeding. *White v. State* (1981), Ind., 425 N.E.2d 95, 97. Evidence is relevant if, in light of general experience, it logically tends to prove or disprove some issue of fact. *Id.* We find the letter was relevant to the issue of Appellant's guilt. The sexual references in the letter did not outweigh the letter's probative value, and thus the letter was properly admitted.

## III

■ Appellant next argues that he did not receive effective assistance of counsel. The guidelines for determining competency of counsel requires deciding first, whether counsel's performance was so deficient that he or she was not functioning as counsel guaranteed by the Constitution; and if so, second, whether this failure to function as counsel was so prejudicial that defendant was deprived of a fair trial. *Broadus v. State* (1986), Ind., 487 N.E.2d 1298, 1304, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Furthermore, we are guided by the following well settled rules in our review of this issue:

An attorney is presumed to have rendered competent representation, and only a strong showing to the contrary will

rebut that presumption. E.g., *Robertson v. State,* (1974) 262 Ind. 562, 319 N.E.2d 833. We must look to the facts in each case in order to determine whether counsel has provided his client with effective representation. E.g., *Roberts v. State,* (1977) 266 Ind. 72, 360 N.E.2d 825. We will not second-guess counsel's trial tactics or strategy. E.g., *Loman v. State,* (1976) 265 Ind. 255, 354 N.E.2d 205. An isolated mistake or instance of poor strategy does not render representation ineffective or inadequate; and representation is deemed to be adequate, unless the record reflects that the trial was reduced to a mockery of justice. E.g., *Merida v. State,* (1979) [270] Ind. [218], 383 N.E.2d 1043.

*Nelson v. State* (1980), 272 Ind. 692, 696, 401 N.E.2d 666, 669.

Appellant contends that his defense counsel was incompetent for the following reasons: failure to adequately cross-examine the State's witnesses; failure to object to the admission of evidence; and, failure to present Appellant's alibi witnesses in a manner such that the jury would believe them. Upon our review of the record we find that defense counsel's performance was neither deficient nor in any way prejudiced Appellant or deprived him of a fair trial. Appellant makes only general claims of inadequate representation. He failed to put forth a cogent argument demonstrating how he was harmed in any way by counsel's performance. Thus, Appellant has not rebutted the strong presumption of defense counsel's competency. We find no error here.

## IV

Finally, Appellant argues the evidence was insufficient to support his conviction for robbery and confinement. Specifically, he claims his conviction resulted solely from the testimony of his accomplices; the verdict did not take into account Appellant's alibi defense; the victim could not positively identify Appellant; and, none of the items taken were found in Appellant's possession.

The function of this Court in reviewing the sufficiency of evidence has been clearly delineated as follows:

Upon a review for sufficient evidence this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. *Baum v. State,* (1976) 264 Ind. 421, 345 N.E.2d 831. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses, *Rosell v. State,* (1976) 265 Ind. 173, 352 N.E.2d 750.

*Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Appellant's sufficiency argument invites this Court to reweigh the evidence. Appellant's guilt was shown by direct testimony of both Appellant's accomplices. Clearly the evidence was sufficient to support his conviction.

Accordingly, the trial court is affirmed.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

DICKSON, J., concurs in result without opinion.